EARL S. ROBINSON vs. STANDARD STORES, INC.

MAY 18, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This is an action of trespass on the case for deceit in which the jury returned a verdict for the plaintiff for $854.80. The case is before this court on defendant's exceptions. Defendant's exceptions to the denial of its motions for a directed verdict and for a new trial will be considered together.

It appears in the record that in March and June, 1929, two of defendant's agents sold plaintiff some common stock in the defendant corporation for which he paid defendant $850. Plaintiff testified that he purchased the stock because he relied upon several statements made by defendant's agents, namely, that defendant would take back the stock any time plaintiff wished to dispose of it, and that defendant would loan money on the stock. June 2, 1930, plaintiff requested defendant to loan him $250 on the stock and defendant replied that it could not comply with the request. December 20, 1930, February 25 and March 10, 1931, plaintiff had letters written to defendant demanding

the return of the money paid for the stock and offering to return the stock upon receipt of the money. Not receiving any answer to these demands plaintiff commenced this action. Defendant's agents, who sold the stock to plaintiff, did not testify.

Defendant's motion for a directed verdict was based on the ground that the statements made by its agents to plaintiff were promissory in character and were not shown to have been falsely made and therefore were insufficient to sustain an action for deceit. The contention cannot be sustained. We have repeatedly held that a verdict should not be directed for a defendant if, upon any reasonable view of the evidence under the law, the plaintiff can recover. In *Swift* v. *Rounds,* 19 R. I. 527, this court said that any fraudulent misrepresentation or device whereby one person deceives another, who has no means of detecting the fraud, to his injury and damage is a sufficient ground for an action of deceit. In *Handy* v. *Waldron,* 18 R. I. 567, 19 R. I. 618, it was held that an action for deceit could be maintained against a vendor who made false and fraudulent representations as to the value of stock which the purchaser relied upon to his injury. See also *Phillips* v. *Hebden,* 28 R. I. 1; *Bloomberg* v. *Pugh Bros. Co.,* 45 R. I. 360; *O'Gorman* v. *Haber,* 50 R. I. 351; 26 C. J. 1093. The trial justice instructed the jury that the plaintiff could recover only if he was deceived and defrauded as a result of false representations as to material facts made by the agents of the defendant. The jury was fully instructed as to the elements in an action of deceit necessary to be proven by the plaintiff. No exception was taken to this portion of the charge and it became the law of the case. The jury returned a verdict for the plaintiff. The trial justice approved the verdict when he filed a rescript denying defendant's motion for a new trial. We have read and considered the evidence and find it sufficient to support the verdict on the question of liability; consequently we find no error in the decision of the trial justice in this particular.

The trial justice instructed the jury that if they found that defendant's agents had been guilty of intentional fraud which misled the plaintiff he was entitled to recover the money paid for the stock with interest less the dividends he had received on the stock. Defendant's exception to this portion of the charge was noted and must be sustained as this is not the correct rule for assessing damages in an action for deceit.

One who has been induced by fraud to make a contract has a choice of remedies—he may elect to rescind the contract and recover what he has paid under it or he may bring an action for deceit and recover the damages sustained. By bringing an action for deceit, the defrauded party treats the contract as subsisting and, in effect, affirms it. *Bloomberg* v. *Pugh Bros. Co., supra;* 27 C. J. 18.

In *Phillips* v. *Hebden, supra,* we held that the plaintiff was entitled to recover the loss, if any, sustained by reason of his reliance upon the alleged false representations of defendant. See also *Barnes* v. *Whipple,* 68 A. 430. In the instant case plaintiff is seeking to recover only the money paid for the stock. He introduced testimony tending to prove that the stock was worthless. Defendant introduced testimony tending to prove that the stock had some value. This conflicting testimony created an issue for the jury. The jury should have been instructed that if they found the value of the stock was less than the amount plaintiff paid for it, they should award him the difference as damages and not the full amount paid.

Defendant's eleventh exception is sustained and its other exceptions are overruled.

The case is remitted to the Superior Court for Washington county for a new trial on the question of damages only.

*Tillinghast, Morrissey & Flynn, M. Walter Flynn,* for plaintiff.

*Morris Berick, Frank H. Bellin,* for defendant.